IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAYMOND N. ERVIN | ) |
| Plaintiff, | ) Case No. 11 cv 6917 |
| | ) Judge Sharon Johnson Coleman |
| v. | ) |
| SARINA A. ERVIN., | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Raymond Ervin ("Plaintiff") has filed this complaint against Defendant Sarina Ervin ("Defendant") alleging violations of his procedural and substantive due process rights of the Fourteenth Amendment. Defendant seeks to dismiss Plaintiff's complaint in its entirety. Plaintiff seeks to strike defendant's motion to dismiss. For the reasons that follow, the Court grants Defendant's motion to dismiss and denies Plaintiff's motion to strike.

[1]Plaintiff, Raymond Ervin, is a dual citizen of Canada and the United States. In 1993, he moved to Canada to live with his wife, Defendant, Sarina Ervin. The Plaintiff and Defendant are the parents of three children.

In 1998, Plaintiff and Defendant filed for divorced. In conjunction with the divorce filing, on November 2, 1998, a judgment was entered in Ottawa, Canada granting

---
[1] The facts of this case stem solely from plaintiff's filings.

physical custody of the parties' three children to the Defendant and establishing a visitation schedule for Plaintiff. The order also required Plaintiff to pay child support in the amount of $1,613 (Canadian). On November 8, 1998 this order was modified based upon Plaintiff's relocation to the United States, allowing Plaintiff visitation rights in Chicago from November 24, 1999 to November 28, 1999.

On November 24, 1999, upon seeing his children in accordance with his scheduled visitation, Plaintiff sought an Emergency Order of Protection against Defendant because he felt the Defendant was neglecting the needs of the children. An Emergency Order for Protection was entered on November 24, 1999 in the Circuit Court of Lake County, Illinois. On December 3, 1999 a *guardian ad litem* was appointed to represent the interest of the children. Based on a report from the *guardian ad litem*, the court declined jurisdiction, dismissed the order of protection and ordered the return of the children to the Defendant. Plaintiff received an order on December 28, 1999, from the Ontario Superior Court of Justice, Family Court ordering the children to be immediately returned to the Defendant. The parties' divorce was finalized in Canada and a hearing was held on July 5, 2000, where the Ontario Supreme Court ordered Plaintiff to pay child support in the amount of $5,418 (Canadian). Plaintiff claims that he was not present for this hearing because he failed to receive notice.

On October 20, 2000, the State's Attorney's Office of Lake County, Illinois filed a petition to enforce the child support of a foreign judgment, pursuant to the July 5, 2000 order of the Ontario Superior Court of Justice. This action was followed by several years of contentious litigation in the Circuit Court of Lake County between Plaintiff and Defendant. Eventually, after a number of court appearances, the matter was set for

determination of arrearages of child support. Plaintiff sought to vacate the July 5, 2000 order on the basis that his failure to receive proper notice denied him due process. On November 30, 2007, Lake County rejected Plaintiff's due process claim. The Circuit Court's decision was affirmed on appeal before the Illinois Appellate Court. After the denial of his petition for rehearing, Plaintiff appealed his case to the Illinois Supreme Court, which was dismissed on April 13, 2009.

Before this Court, Plaintiff continues to assert a violation of his substantive and procedural due process rights under the Due Process and Equal Protection Clause of the Fourteenth Amendment based on his failure to receive notice of the July 5, 2000 hearing in the Ontario Superior Court. Initially, Plaintiff argues that Illinois state courts have ignored his assertion of a violation of his due process rights and therefore he must bring forth his claim before this court. Second, Plaintiff argues that the state has violated his fundamental parental right to equal protection.[2] Defendant seeks to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. This Court agrees.

Plaintiff's claims are barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine is a rule of federal jurisdiction that prohibits lower federal courts from reviewing state court decisions. *Kamilewicz v. Bank of Boston Corp.*, 92 F.3d 506, 509 (7th Cir. 1996); *see also Johnson v. Lockyer, et al*, 115 fed. Appx. 895, 2004 WL 2537578, *1 (7th Cir. 2004). The core of Plaintiff's complaint is the validity of the state court judgment enforcing the Canadian order designating the Defendant as the custodial parent and enforcing Plaintiff's obligation to pay child support. The alleged injuries for

---

[2] Plaintiff also makes mention of the Parental Kidnapping Prevention Act, the Uniform Child Custody Jurisdiction Act and the doctrine of unclean hands but fails to allege a cohesive claim against Defendant with respect to any of these legal theories.

which he seeks relief are inextricably intertwined with these state court decisions that he views as unfavorable. Therefore, Plaintiff's claims are barred based upon the *Rooker-Feldman* doctrine for lack of subject matter jurisdiction.

Moreover, Plaintiff's invocation of the Due Process Clause and Equal Protection Clause does not change this fact. Although Plaintiff alleges that the prior judgments constituted violations of his due process rights, the Seventh Circuit has held that a Plaintiff "may not seek reversal of a state court judgment simply by casting his complaint in the form of a civil rights action." *See Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993). Addressing these claims simply because they are framed as constitutional rights violations would effectively place this Court in the position of appellate review of the Circuit Court of Lake County's orders which the *Rooker-Feldman* doctrine prohibits.

Further, Plaintiff has already raised his due process claim for lack of notice in the Circuit Court of Lake County. There the court held that Plaintiff failed to show any irregularity in the Canadian Court's procedure and nothing indicated that the appropriate procedure was not followed. Here, Plaintiff again does nothing more than allege a violation of due process, but fails to support this allegation with any additional facts. Therefore, assuming arguendo that *Rooker-Feldman* doctrine did not apply to Plaintiff's due process claim for lack of notice, Plaintiff has still failed to state a sufficient claim for violation of due process.

**CONCLUSION**

For the foregoing reasons, pursuant to Federal Rule of Civil Procedure 12(b)(1), this Court grants Defendant's motion to dismiss with prejudice for lack of subject matter jurisdiction. Accordingly, Plaintiff's motion to strike Defendant's motion to dismiss is denied.

IT IS SO ORDERED.
July 27, 2012

Dated

Hon. Sharon Johnson Coleman
United States District Court